Wang v. Sessions

BIA
Christensen, IJ
A206 288 118

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand seventeen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　ROBERT D. SACK,
　　　　SUSAN L. CARNEY,
　　　　　　*Circuit Judges.*
_____

ZEDONG WANG, AKA CHENYANG WANG,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　16-4089
　　　　　　　　　　　　　　　　　　　　NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Nataliya I. Gavlin, Gavlin & Associates, P.C., New York, NY.

FOR RESPONDENT:　　　Chad A. Readler, Acting Assistant Attorney General; Jonathan A. Robbins, Senior Litigation Counsel; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zedong Wang, a native and citizen of the People's Republic of China, seeks review of a November 9, 2016 decision of the BIA affirming a February 17, 2016 decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zedong Wang,* No. A206 288 118 (B.I.A. Nov. 9, 2016), *aff'g* No. A206 288 118 (Immig. Ct. N.Y.C. Feb. 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). The agency did not err in finding that Wang failed to satisfy his burden of proof as to his claim that the Chinese police had discovered that he was proselytizing to his grandparents in China through the internet and therefore that

2

he had an objectively reasonable fear of future persecution should he be removed to China.

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that he would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to him. 8 C.F.R. § 1208.13(b)(2)(iii). Furthermore, "an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97.

In this case, it was reasonable for the agency to require corroboration of Wang's testimony. Although Wang alleged that

Chinese police detained and beat his grandparents when they discovered his proselytizing to them, Wang's testimony was inconsistent with evidence he submitted to prove that a friend paid a fine to secure his grandparents' release. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence . . . , such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *see also Chuilu Liu*, 575 F.3d at 196-97.

The agency did not err in concluding that Wang failed to provide reasonably available evidence to corroborate his grandparents' detention or his proselytizing over the internet. Wang's father lives in New York and purportedly reimbursed the family friend who paid to secure Wang's grandparents' release, but Wang did not proffer either his father's testimony or an affidavit from his father. *See id.* at 198 ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Furthermore, although Wang testified that he had a registered account with the video chat service that he used to proselytize his grandparents and their neighbors, he did not submit evidence of that account. *See id.* at 198-99.

4

Other than the fine receipt, as to which the proof of mailing undermined Wang's credibility because it post-dated the receipt's submission into evidence, Wang's only evidence to corroborate his assertion that Chinese police had become aware of his religious practice were letters from his grandfather and the family friend who purportedly secured his grandparents' release. *See Hongsheng Leng*, 528 F.3d at 143 (requiring applicant to show authorities' awareness of activities). The agency did not err in declining to credit these unsworn letters because they were prepared for Wang's removal proceedings and written by individuals who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013)(deferring to agency decision to afford little weight to petitioner's husband's letter because the letter was unsworn and from an interested witness); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding letters from friends and family insufficient to support alien's claims because authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Furthermore, the IJ did not err in determining that the country conditions evidence failed to establish a pattern or

5

practice of persecution of similarly situated individuals such that Wang's fear of persecution was objectively reasonable. The country conditions evidence provided reflects that tens of millions of individuals practice Christianity in unregistered churches in China, and that in some areas unsanctioned religious practices are tolerated without interference. Therefore, despite evidence of the destruction of churches and the arrests of religious leaders and practitioners in certain regions, Wang failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also* 8 C.F.R. § 1208.13(b)(2)(iii); *Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009).

Accordingly, the agency did not err in finding that Wang failed to satisfy his burden of demonstrating a well-founded fear of future persecution on account of his religious practice. *See* 8 U.S.C. § 1158(b)(1)(B); *Chuilu Liu*, 575 F.3d at 196-98; *see also Hongsheng Leng*, 528 F.3d at 142-43. That finding is dispositive of Wang's petition for asylum, withholding of removal, and CAT relief because all three forms of relief were based on Wang's claim that he fears future persecution based

6

on his religion. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We further conclude that the BIA did not err in declining to consider the additional evidence Wang submitted to the agency for the first time on appeal. *See* 8 C.F.R. § 1003.1(d)(ii)(3)(iv); *Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as appellate body, BIA may decline to review evidence proffered for first time on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7